■ LAUNDRA-VEND MACHINES, INC., Respondent, v J. R. D. MANAGEMENT CORP. et al., Appellants.—In an action *inter alia* to enjoin defendants from interfering with plaintiff in the conduct of its business, in which action a judgment was entered enjoining defendants from removing plaintiff's machines from the subject premises, defendants appeal from an order of the Supreme Court, Westchester County, entered April 13, 1976, which, after a

hearing, *inter alia,* granted plaintiff's motion to adjudge them to be in contempt of court unless they purged themselves by placing plaintiff in possession of the laundry room of their apartment building pursuant to plaintiff's lease. Order affirmed, with costs. Defendants' time to purge themselves of the contempt is extended until 30 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. Special Term properly exercised its discretion under the circumstances herein. The validity of plaintiff's lease was established by the judgment of Mr. Justice Cerrato, dated January 29, 1976, from which no appeal was taken. In light of the agreement between the parties to continue the stay contained in the order to show cause dated November 8, 1973, and the fact that defendants violated said stay long before its vacatur by Mr. Justice Ruskin, Special Term properly found defendants to be in contempt. Any problem defendants may encounter in placing plaintiff in possession of the premises because of the intervening possession by a third party, is the direct result of defendants' own actions in leasing the premises to said third party before there was a determination of the validity of the lease with plaintiff. The stay was initially granted by the court and continued by the parties pending determination of the validity of the lease. Hopkins, Acting P. J., Damiani, Rabin and Hawkins, JJ., concur; Shapiro, J., dissents and votes to reverse the order and deny the motion to hold defendants in contempt, with the following memorandum: I dissent on the ground that defendants' contempt was not established by the degree of proof required by law.